UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11075-GAO

SPECTRUM HEALTH SYSTEMS, INC.,
Plaintiff,

v.

CITY OF PITTSFIELD,
Defendant.

ORDER
November 15, 2011

After hearing, the plaintiff's motion (dkt. no. 12) for a preliminary injunction is DENIED.

The Complaint asserts that the defendant City has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as well as a particular provision of the Massachusetts Zoning Enabling Act, Mass. Gen. Laws ch. 40A, § 3, which forbids municipal use regulations that purport to limit educational uses, a provision colloquially known as the "Dover Amendment." Jurisdiction over the state law claim is asserted under this Court's supplemental jurisdiction, 28 U.S.C. § 1367.

In order to justify the issuance of a preliminary injunction, a plaintiff must show both a likelihood of success on the merits of its claims and a likelihood of harm in the absence of injunctive relief that cannot be adequately remedied after the fact. A court will also consider the balance of relative hardship on the parties in the presence or absence of injunctive relief, as well as any likely impact on the public interest. See Bl(a)ck Tea Society v. City of Boston, 378 F.3d 8, 11 (1st Cir. 2004).

The plaintiff has not adequately demonstrated an adequate likelihood of success on the merits of its claims. While the plaintiff has pointed to evidence of hostility towards it by some municipal officials, it has not shown that such animus was harbored by the relevant decision maker, the building inspector. Accordingly, on the evidence outlined at the hearing, success on the ADA claim has not been shown to be likely.

As to the state law claim, the evidence outlined is similarly ambiguous. The building permit was denied on two grounds, the pendency of an issue concerning the site's compliance with Fire Department requirements and the inadequate demonstration of entitlement to a Dover Amendment educational exemption from the zoning ordinance's special permit requirement. With respect to the nature of the use, there was at least an apparent inconsistency between the application for a building permit, signed by the plaintiff's architect, and the cover letter, signed by the plaintiff's president. The application categorized the intended use as "Business," while the letter claimed the benefit of the educational "by right" use under the Dover Amendment. At the very least, the ambiguity warranted further inquiry by the building inspector. In any event, the Fire Department's concerns sufficed to justify the denial at the time, regardless of the correctness of the decision about the use.

In light of the uncertainty of the plaintiff's ultimate success on the merits, an injunction overriding the regular zoning process and commanding the immediate issuance of a building permit is not justified.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge